Filed
11 November 23 P2:59
Patricia W. Crigger
District Clerk
Collin District

CAUSE NO. 380-04881-2011

| | | |
|---|---|---|
| MARK STOUT,<br>  *Plaintiff* | § § § | IN THE DISTRICT COURT |
| vs. | § § § | 380th JUDICIAL DISTRICT COURT |
| VETERANS TRADING COMPANY,<br>JOHN PIERCE, JACK CLIMER,<br>STEVE CULLIGAN, PAUL COSTELLO<br>AND DAVID WATKINS,<br>  *Defendants.* | § § § § § § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW Mark Stout ("Stout"), Plaintiff herein, complaining of Veterans Trading Company, LLC ("VTC"), John Pierce ("Pierce"), Jack Climer ("Climer"), Steve Culligan ("Culligan,") Paul Costello ("Costello") and David Watkins ("Watkins"), and for cause of action respectfully shows the Court as follows:

### DISCOVERY CONTROL PLAN

Plaintiff affirmatively pleads that discovery should be conducted under Level 3 in accordance with the Texas Rules of Civil Procedure, Rule 190.4.

### I. PARTIES, SERVICE AND VENUE

1. Plaintiff Mark Stout is an individual residing at 1828 Greenway Drive, Plano, Collin County, Texas 75075.

2. Defendant Veterans Trading Company, LLC is a Delaware limited liability company which conducts business throughout the United States, with some of its major customers being located in Dallas County, Texas, including Lockheed Martin Corporation and L-3 Communications. Plaintiff worked for the company from his home office in Collin County, Texas and primarily conducted business in Texas.

VTC conducts substantial business transactions in Dallas County and other regions of Texas. VTC has purposefully availed itself of the privilege of conducting business in Texas and one of the major agreements that form the basis of this lawsuit is with a customer located in Texas.

VTC does not maintain a registered agent in the State of Texas, and may be served with process by serving the Secretary of State, Citations Department, P.O. Box 12079, Austin, Texas 78711-2079.

3. Individual defendants John Pierce, Jack Climer, Paul Costello and Paul Costello each had minimum contacts with Texas, working with VTC's customers, which consist of defense contractors based in Texas, including Lockheed Martin Corporation and L-3 Communications. Each individual defendant also participated in publishing defamatory statements about Plaintiff, a Texas resident, and the effects of the defamatory statements occurred and continue to occur primarily and substantially in Texas. Additionally, the individual defendants conspired together to deprive Plaintiff, a Texas resident, of his valuable ownership interest in VTC.

4. Defendant John Pierce is an individual residing at 862 Martingale Lane, Park City, Utah 84098-7571. He may be served with process at his residence or at his business office located at 1755 Prospector Avenue, Suite 200, Park City, Utah 84060. Pierce has minimum contacts in Texas sufficient to establish personal jurisdiction, including purposefully availing himself of the privilege of conducting substantial business in Texas and traveling to Texas to recruit Plaintiff and manage Plaintiff's work.

5. Defendant Jack Climer is an individual residing in 2801 Alexandra Drive, Apt 212, Roseville, CA 95661-6024. He may be served with process at his residence. He has sufficient minimum contacts with Texas to establish personal jurisdiction, including conducting substantial business in Texas and profiting therefrom.

6. Defendant Paul Costello is an individual residing at 17530 Minglewood Trail Monument, Colorado 80132-2200. He may be served with process at his residence. He has sufficient minimum contacts with Texas to establish personal jurisdiction, including conducting substantial business in Texas.

7. Defendant Steve Culligan in an individual residing at 4743 Millrace Lane, Salt Lake City, Utah 84107-4061. He may be served with process at his residence. He has sufficient minimum contacts with Texas to establish personal jurisdiction, including conducting substantial business in Texas.

8. Defendant Dave Watkins is an individual residing in Salt Lake City, Utah. He may be served with process at his business office located at 1755 Prospector Avenue, Suite 200, Park City, Utah 84060 or wherever he may be found. He has sufficient minimum contacts with Texas to establish personal jurisdiction, including conducting substantial business in Texas.

9. Plaintiff managed VTC's sales in the territory which included Texas and conducted business from his home office in Collin County, Texas in accordance with the direction and acquiescence of VTC. Therefore, venue of this action properly lies in Collin County, Texas. Defendants published defamatory statements about Plaintiff, a Texas resident, and the effects of the defamatory statements occurred and continue to occur primarily and substantially in Collin County, Texas. Additionally, the individual defendants conspired together to deprive Plaintiff, a Texas resident, of his valuable ownership interest in VTC. Therefore, venue of this action properly lies in Collin County, Texas.

10. The subject matter in controversy is within the jurisdictional limits of this Court.

## II. STATEMENT OF FACTS

11. During January, 2008, Plaintiff was solicited by Defendant John Pierce to join VTC as an employee. Plaintiff and Pierce were previously acquainted as fellow employees of Wyle, a company in Texas. Plaintiff accepted the employment offer and began working in January, 2008.

12. VTC was a relatively new company being founded in approximately 2005 by John Pierce and Jack Climer.

13. In June, 2008, a few months after beginning his employment, Pierce requested Plaintiff to personally cosign a $250,000.00 loan or line of credit for VTC because the company was suffering cash flow problems and, according to Pierce, would be unable to meet payroll without obtaining the loan. VTC needed Plaintiff's good credit rating in order to obtain the funds that was necessary to continue operating. In exchange for cosigning the loan, Plaintiff acquired a thirty-two percent (32%) ownership interest in VTC.

14. After cosigning the first obligation, Plaintiff was again requested by VTC and complied with cosigning obligations for $500,000.00, $750,000.00 and $1,000,000.00. In all, Plaintiff obligated himself personally for the benefit of VTC approximately eight more times from June, 2008 until late 2010.

15. The Operating Agreement of VTC was amended and restated to reflect Plaintiff's status as an owner and member of VTC. Plaintiff owned 320,000 common voting shares of VTC shares. Plaintiff was also appointed a director of the company.

16. During his tenure as an employee at VTC, Plaintiff received compensation as a salesperson, but he received no compensation as an owner or director of the company. Plaintiff received consistently positive feedback about his performance as an employee and secured major

contracts for the company resulting in substantial revenue. According to one report prepared by VTC, Plaintiff secured more than $19,000,000.00 in sales for VTC.

17. In January, 2011, Plaintiff was terminated as an employee of VTC because VTC alleged that Plaintiff had made unauthorized changes to a contract between VTC and Allen Vanguard. Plaintiff admitted making the nonmaterial changes to the contract and placing Jack Climer's name and initials on the contract and the revisions. At the time Plaintiff made the revisions, he was a director and member of VTC and owned more of the company than Climer owned. Plaintiff had actual, apparent and implied authority to make the revisions, and the parties had conducted business similarly in the past without reservations or negative consequences.

18. Nine months after his termination, VTC called a special meeting of the members for the purpose of expelling Plaintiff as a member. A copy of the notice is attached hereto as Exhibit A. Defendants conducted the meeting in a hasty manner providing a few weeks' notice, although Plaintiff's interest in VTC is potentially worth millions of dollars.

19. The meeting was held at 1:00 p.m. MST on November 21, 2011 by telephone conference. Each of the defendants were present by telephone at the meeting. At the meeting, Defendants Pierce, Climer, Costello, Watkins and Culligan voted affirmatively to expel Plaintiff. According to the motion affirmatively made and passed by the individual Defendants, Plaintiff was expelled pursuant to Section 2.05(g) of VTC's Amended and Restated Operating Agreement which states:

> . . . a Member may be expelled or required to resign or withdraw as a Member of the Company for cause, in the sole discretion of the Board of Directors in accordance with Sections 6.04 hereof, and thereby required to forfeit all of such Member's Shares to the Company, upon the occurrence of one or more of the following events: (i) upon admission or conviction of fraud or any other felony involving theft or dishonesty, in violation of state or federal criminal statutes; . . .

Defendants conducted the meeting in summary fashion lasting only ten minutes and with no questions from any of the Defendants. It was obvious that the action of expelling Plaintiff was a foregone conclusion that had been decided and arranged by the Defendants prior to the actual meeting.

Ironically, one of the members, Jack Climer, voted in favor of Plaintiff's expulsion although Climer was recently arrested and handcuffed in the company office on charges relating to misappropriation of funds from The American Legion, the nation's leading veteran's service organization. VTC has not expelled nor proposed the expulsion of Climer from membership. Without Climer's vote, Plaintiff would not have been expelled.

20. Plaintiff has not admitted fraud or any other felony involving dishonesty or theft. Plaintiff has never been charged or convicted of any felony involving fraud, dishonesty or theft. Plaintiff has never taken any actions that were, in his opinion, in violation of his duty of loyalty to VTC and in the best interest of VTC.

The act of making revisions to one contract seventeen months prior to his expulsion does not constitute fraud, which is a criminal act requiring a mental state that Plaintiff never possessed.

21. Plaintiff was expelled as a member because VTC as part of its business plan is attracting potential purchasers and Defendants conspired, slandered, defamed and called a meeting to wrongfully deprive Plaintiff of his rightful share of the potential profits after his diligence, hard work and sacrifice in making the company successful. Pierce and Climer are the founders and majority owners, and they are also brothers-in-law. By wrongfully expelling Plaintiff, Pierce and Climer are able to keep the substantial profits in the family.

Climer admitted to Plaintiff that the Defendants were acting wrongfully regarding the expulsion of Plaintiff but that he was being coerced to follow Pierce's instructions. The motive for Defendants' conduct was simple avarice by deception and slander.

### III. BREACH OF CONTRACT

22. Plaintiff incorporates the facts stated in the preceding paragraphs herein by reference.

23. The Amended and Restated Operating Agreement of Veterans Trading Company, LLC ("Operating Agreement") constitutes a valid, enforceable contract between the members of VTC. Each is bound to abide by the provisions of the Operating Agreement. A copy of the Operating Agreement is attached hereto as Exhibit B and incorporated herein

24. In expelling Plaintiff without cause, Defendants breached the Operating Agreement.

25. Plaintiff fully performed his obligations under the Operating Agreement.

26. Plaintiff has suffered injury caused by the breach including the loss of his 32% ownership in VTC.

27. All conditions precedent have occurred or are excused.

### IV. CONVERSION

28. Plaintiff incorporates the facts stated in the preceding paragraphs herein by reference.

29. Plaintiff owned 320,000 shares of common voting stock of VTC until he was expelled as a member on November 21, 2011.

30. Defendants wrongfully exercised and continue to exercise dominion and control over the personal property after the expulsion of Plaintiff as a member of the company.

31. Plaintiff suffered injury as a result of the conversion of this personal property.

## V. THEFT OF PROPERTY

32. Plaintiff incorporates the facts stated in the preceding paragraphs herein by reference.

33. Defendants unlawfully stole the Plaintiff's common stock in VTC under Texas Penal Code §31.03. Plaintiff's common stock constitutes personal property as defined in Texas Penal Code §31.05(B) and (C).

34. Defendants took the Plaintiff's property with the intent to deprive Plaintiff of it and Plaintiff has suffered damages as a result of the theft.

## VI. CONSPIRACY

35. Plaintiff incorporates the facts stated in the preceding paragraphs herein by reference.

36. Defendants Pierce, Climer, Costello, Watkins and Culligan acted together to commit an unlawful, overt act when voting to expel Plaintiff from membership in VTC. Defendants each acted unlawfully in taking such action in violation of the terms of the Operating Agreement.

37. Defendants had a meeting of the minds regarding the special meeting called and agreed upon their actions prior to the meeting. Defendants acted as a group. The conspiracy was obvious in the terse manner of the meeting and the lack of debate, questions or curiosity on behalf of the Defendants despite the magnitude and value of the decision. The delay in action by the Defendants also evidences the deceitfulness of their actions.

38. Plaintiff was injured by Defendants' actions.

## VII. DEFAMATION AND SLANDER PER SE

39. Plaintiff incorporates the facts stated in the preceding paragraphs herein by reference.

40. Defendant Climer published a statement about Plaintiff stating that Plaintiff had committed fraud in making changes to a proposed contract between VTC and a potential customer. Defendant Climer published the statement in a memorandum dated December 27, 2010 and distributed the memorandum to other people. Among the false, defamatory statements that Climer published are the following:

   a. that Plaintiff "was sure that I [Climer] wouldn't go along with them [contract revisions]."
   b. that Plaintiff stated that he thought his "changes would never come to light."
   b. that Plaintiff had "placed himself in considerable criminal and civil jeopardy . . . ."

41. Defendant Climer published the statement which was defamatory and false and in doing so was negligent regarding the truth or is strictly liable for the defamatory statement because Plaintiff is a private person, Defendant is a nonmedia defendant and the statement involves a private issue.

42. Defendants published slanderous statements about Plaintiff in expelling Plaintiff from his membership position in VTC. Prior to the special meeting and during the meeting on November 21, 2011, Defendants accused Plaintiff of criminal fraud and used that slanderous statement to expel him from membership. The statement was false and clearly referred to Plaintiff.

43. Defendants acted with actual malice in making the slanderous statement, or were negligent in making the statement.

44. As a result of the statement, Plaintiff has suffered pecuniary injury, including the loss of his ownership interest in VTC, his reputation and his ability to find comparable, suitable employment in the future.

## VIII. EXEMPLARY DAMAGES

45. Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendants at the expense of Plaintiff. In order to punish said Defendants for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages. Defendants also acted with actual malice with intent to harm Plaintiff in his reputation and accused him of criminal actions.

## IX. ATTORNEY FEES

46. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by the Civil Theft Act and any other applicable statutes.

## X. PLAINTIFF'S RULE 194 REQUEST FOR DISCLOSURE

47. Pursuant to Rule 194.3 of the Texas Rules of Civil Procedure, each Defendant is hereby requested to disclose, within fifty (50) days of service of this request, the information or material as set out in Rule 194 of the Texas Rules of Civil Procedure. A response to a request under Rule 194.2(f) is due according to Rule 195.2 of the Texas Rules of Civil Procedure. The disclosure must be signed in accordance with the Texas Rules of Civil Procedure, Rule 191.3, and delivered to

the undersigned attorney. If you fail to comply with the requirements above, the Court may order sanctions against you in accordance with the Texas Rules of Civil Procedure.

## XI. AUTHENTICATION NOTICE UNDER TRE 901(a)

48.     Plaintiff intends to use against you in any legal pretrial proceeding or at trial all documents produced to Plaintiff in response to written discovery. This notice is given to you within ten (10) days after you, Defendants, have actual notice that all documents produced by you to Plaintiff in this lawsuit, will be offered at trial, thereby satisfying the requirement of authentication or identification as a condition precedent to admissibility pursuant to the Texas Rules of Evidence, Rule 901(a). This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## XII. JURY DEMAND

49.     Plaintiff requests a jury trial.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Mark Stout prays that Defendants be cited to appear and answer this Original Petition, and that the Court award Plaintiff:

1.     Judgment against Defendants, jointly and severally, for actual damages in excess of the minimum jurisdictional limits of the court;

2.     Judgment against Defendants, jointly and severally, for exemplary damages in excess of the minimum jurisdictional limits of the court;

3.     Reasonable and necessary attorneys' fees as set forth above;

4.     Pre-judgment interest from the date of the breach of contract and/or from the date the tort was committed until paid;

5.     Post-judgment interest as provided by law from the date of judgment until paid;

6.     Costs of suit incurred herein;

7. A trial by jury; and

8. For such other and further relief, at law or in equity, as to which Plaintiff may, by this pleading or proper amendment thereto, show himself justly entitled.

Respectfully submitted,

THE NACOL LAW FIRM PC

By: _____

MARK A. NACOL
State Bar No. 14775100
990 South Sherman St.
Richardson, Texas 75088
(972) 690-3333 (Telephone)
(972) 690-9901 (Fax)

ATTORNEY FOR PLAINTIFF